UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DENISE SHEPHERD,<br><br>Plaintiff,<br><br>v.<br><br>CORNERSTONE RESIDENTIAL LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (DOC. NOS. 20 & 34)**<br><br>Case No. 2:22-cv-00179<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Denise Shepherd brought this action against the owner, property management company, and property manager of her rental unit, alleging violations of her rights under the Fair Housing Act. (Compl., Doc. No. 4.) Ms. Shepherd previously filed a motion for appointment of counsel, (Doc. No. 15), which the court denied, (Doc. No. 16). Ms. Shepherd has since filed two additional motions for appointment of counsel. (Doc. Nos. 20 & 34.) For the reasons explained below, the court denies these motions without prejudice.

As explained in the prior order, while defendants in criminal actions have a constitutional right to representation by an attorney (*see* U.S. Const. amend. VI; Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request" an attorney to represent an indigent party. A court has discretion under § 1915(e)(1) to appoint counsel or not. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant has the burden to convince the court the claim has enough merit to justify the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint

counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

In support of her motions, Ms. Shepherd states she is mentally and physically disabled, and she alleges harassment by Defendants has worsened her disabilities. (*See* Letter from Denise Shepherd (April 8, 2022), Doc. No. 20-1; Letter from Denise Shepherd (June 28, 2022), Doc. No. 34-2 at 2–3.) She also submitted a letter from her therapist stating she suffers from Post Traumatic Stress Disorder and Panic Disorder and has experienced significant decline in emotional functioning due to stress caused by her apartment complex management. (Letter from Allison Seavey (June 14, 2022), Doc. No. 34-2 at 4.)

Considering all the relevant factors set forth above, Ms. Shepherd has not demonstrated appointment of counsel for full representation in this case is warranted. Ms. Shepherd has proved capable of advocating on her own behalf in this case thus far. Her pro se complaint survived the court's screening process under 28 U.S.C. § 1915(e), (*see* Doc. Nos. 3 & 13), and she has filed numerous motions and other documents. Although the merits of her claims have yet to be determined, the factual and legal issues raised in the complaint do not appear so complex as to require appointment of counsel at this stage.

For these reasons, Ms. Shepherd's motions for appointment of counsel are denied. But if, in the future, Ms. Shepherd requires assistance at a particular phase of the case, such as responding to a motion for summary judgment, Ms. Shepherd may file a renewed motion to

appoint counsel on a limited-scope basis. Any new motion for appointment of counsel should state the particular matter for which Ms. Shepherd seeks assistance of counsel.

DATED this 22nd day of July, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge