IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DENISE SHEPHERD,<br><br>    Plaintiff,<br><br>v.<br><br>CORNERSTONE RESIDENTIAL LLC; SENIOR LIVING BE LLC; and MONTE SUSAN IMHOFF,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00179-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiff Denise Shepherd ("Ms. Shepherd"), proceeding pro se, sued Cornerstone Residential LLC, Senior Living Be LLC, and Monte Susan Imhoff (collectively, "Defendants"). On March 27, 2023, Magistrate Judge Daphne A. Oberg issued a Report and Recommendation recommending that the action be dismissed with prejudice because Ms. Shepherd had filed two motions to dismiss the case with prejudice under Rule 41 of the Federal Rules of Civil Procedure. ECF Nos. 55, 56, 57.

On March 30, 2023, Ms. Shepherd filed a third motion to dismiss the case. ECF No. 58. On May 15, 2023, Ms. Shepherd filed two motions to correct clerical mistakes. ECF Nos. 60, 61. On May 17, 2023, Plaintiff filed an objection to the Report and Recommendation. ECF No. 62. Defendants filed a response to Plaintiff's objection on May 19, 2023. ECF No. 63.

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Magistrate Judge Oberg filed her Report and Recommendation and sent it to the parties on March 27, 2023. Ms. Shepherd

proceeds pro se and is served by email. ECF No. 37. Therefore, her objection was due by April 10, 2023.

However, Ms. Shepherd did not file her objection until May 17, 2023. Thus, the court must determine whether Ms. Shepherd has waived the objection contained therein. The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). There are two exceptions to this "firm waiver rule": "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez*, 418 F.3d at 1119 (citations omitted).

Here, the first exception to the firm waiver rule does not apply. Magistrate Judge Oberg clearly stated at the conclusion of her Report and Recommendation that the parties would have fourteen days from receipt to object to its contents and a failure to raise a timely objection "may constitute waiver of objections upon subsequent review." ECF No. 57 at 2. Magistrate Judge Oberg's warning was "in clear English," and she "attempted to apprise [Ms. Shepherd] of the consequences of a failure to object." *Morales-Fernandez*, 418 F.3d at 1119. Ms. Shepherd also has not indicated that she was unaware of this deadline. Accordingly, Ms. Shepherd "cannot avail h[er]self of the first exception to the waiver rule." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008).

The second exception regarding the "interests of justice" also does not apply. While the "interests of justice" is an "elusive concept," there are several factors to consider in determining whether this exception is triggered: "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1119–20. In considering "whether the importance of the issues raised might trigger the 'interests of justice' exception," the Tenth Circuit has observed that, "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (citation omitted). To show plain error, Ms. Shepherd would have to establish "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The first factor does not weigh in favor of overlooking the firm waiver rule. Ms. Shepherd has demonstrated an ability to file a timely objection—she filed her third motion to dismiss on March 30, 2023 (ECF No. 58). Ms. Shepherd also could have requested an extension to file an objection, but she did not do so. *See Graham v. Waters*, 805 F. App'x 572, 576–77 (10th Cir. 2020) (unpublished) (declining to apply an exception to the "firm waiver rule" in part when a pro se litigant could have filed a timely objection and did not request an extension). The second factor also does not support deviation from the firm waiver rule as Ms. Shepherd offers no explanation for her failure to timely file her objection.

Although Ms. Shepherd raises an important issue in her objection—namely, that she is withdrawing her motion to dismiss the case because she alleges that Defendant Imhoff breached

3

the settlement agreement,[1] this objection does not rise to the level of plain error. Magistrate Judge Oberg recommended dismissing this case pursuant to Rule 41(a)(2) because Ms. Shepherd had, at the time, filed two motions to dismiss the case with prejudice. ECF No. 57. The Report and Recommendation is "well-reasoned and well-supported"; the court finds that Magistrate Judge Oberg did not "commit[] any error, let alone a plain error." *Pham v. Ahrens*, 569 F. App'x 559, 562 (10th Cir. 2014) (unpublished). The fact that Ms. Shepherd filed an untimely objection requesting to withdraw her motion to dismiss after Magistrate Judge Oberg issued her Report and Recommendation does not demonstrate plain error. Accordingly, the interests of justice do not compel this court to deviate from the firm waiver rule.

Because Ms. Shepherd's objection to the Report and Recommendation was not timely filed and neither exception to the firm waiver rule applies, Ms. Shepherd has waived the arguments contained therein.

Accordingly, the court ORDERS as follows:

1. The Report and Recommendation to Grant Plaintiff's Motions to Dismiss with Prejudice (ECF No. 57) is ADOPTED IN FULL.
2. This action is DISMISSED WITH PREJUDICE.
3. Plaintiff's third motion to dismiss, ECF No. 58, and two motions to correct clerical mistakes, ECF Nos. 60, 61, are MOOTED.

---

[1] Ms. Shepherd's other objections—that (1) Defendants' counsel has not provided Ms. Shepherd with recordings of their telephone conversations, that (2) "on 05/13/22 John Morton came to [Ms. Shepherd's apartment] under the guise of discussing [her] mail being tampered with but instead . . . [discussed] and defended [Defendants' counsel]", and that (3) the clerk of court has only docketed parts of the filings that Ms. Shepherd has mailed—are irrelevant. ECF No. 62 at 2.

Signed May 25, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge